United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 17, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-60476

GALA GOLDSMITH,

Plaintiff-Appellant,

versus

UNITED STATES DEPARTMENT OF AGRICULTURE FOREST SERVICES,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. CV-02-178
--------------------

Before HIGGINBOTHAM, WIENER, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Appellant Gala Goldsmith brought a Title VII employment discrimination case against her employer, the U.S.D.A. Forest Services (the "Service"). Goldsmith claims that, in retaliation for an EEOC race discrimination claim that Goldsmith filed against the service in 1996, the Service did not promote her in 2001. The jury found for the Service and Goldsmith now appeals. She raises two issues on appeal: 1) that the district court erred in failing to address adequately the issue of whether the Service's exercise

---

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of its peremptory challenges was pretextual and therefore a violation of the Equal Protection Clause under Batson v. Kentucy[2]; and 2) that the district court erred by excluding evidence that the Service denied Goldsmith promotions and lateral transfers on nine previous occasions. For the reasons stated herein, we affirm the district court's rulings.

I.

As to the first issue, in United States v. Seals, this Court set forth the three-step process for Batson challenges:

First, the defendant [or any litigant] must make a prima facie showing that the prosecution [or other party] exercised peremptory challenges on the basis of a juror's cognizable racial background. Second, the burden shifts to the prosecution [or challenged party] to articulate a race-neutral explanation for removing the juror in question. Finally, the trial court must determine whether the defendant has met his burden of proving purposeful discrimination.[3]

During voir dire, both parties had three peremptory challenges. Goldsmith first used two peremptory challenges to remove two white jurors. The Service used its first peremptory challenge to remove a white juror and its second to remove a black juror---juror #5. Goldsmith objected and asked the district court to require the

---

[2] 476 U.S. 79 (1986).

[3] 987 F.2d 1102, 1108 - 09 (5th Cir. 1993).

Service to state a nondiscriminatory reason for challenging juror #5. The court denied the request.

Goldsmith used her last challenge to remove another white juror. The Service, without exhausting its single remaining peremptory challenge, accepted the jury, which at that point was all white. Goldsmith objected, arguing that the Service's failure to exercise its remaining peremptory challenge in combination with its previous challenge of the only black juror seated constituted a Batson violation. The district court ordered the Service, "to make the record complete, provide a reason why you struck Juror Number 5." The Service's counsel responded that juror #5 was challenged because he was not paying attention to the questions and because he was retired and had no management work experience. Goldsmith's attorney argued that the juror's intelligent responses showed that in fact he was paying careful attention and that the Service's acceptance of a retired white juror cast doubt on that as the reason for its challenge of juror #5. Goldsmith contended that both of the Service's reasons were pretexts and that it had failed to indicate a non-biased reason for the challenge. The district court denied the Batson challenge, stating: "The court can't find that in this matter with only one black juror being challenged. And further, the court is not in a position to really render a quarrel with the defendant's exercise in this instance."

On appeal, Goldsmith argues that the Service's peremptory challenge was a pretext for its purposeful discrimination against

black jurors on the basis of their race. We conclude, however, that the district court did not err in finding that Goldsmith failed to establish a prima facie case of purposeful discrimination. We see no error in the district court's finding that Goldsmith failed to show that the Service's exercise of a single peremptory challenge against a black juror established a prima facie case of a <u>Batson</u> violation. Consequently, we need not reach the questions of whether the district court clearly erred in determining that the Service carried its burden of articulating a race-neutral explanation for removing juror #5 and whether Goldsmith failed to meet her burden of proving purposeful discrimination.

## II.

It was not an abuse of discretion for the district court to exclude evidence of the nine previous occasions on which Goldsmith was not promoted or laterally transferred.[4] While the evidence may have tended to make more probable the existence of the Service's personal animus toward Goldsmith, Goldsmith's proffer revealed that the evidence lacked the ability to show that those previous denials were based upon racially discriminatory reasons. When the district court asked Goldsmith's counsel what evidence she had that she had been unlawfully discriminated against when she was denied the

---

[4] See <u>Jon-T Chemicals, Inc. V. Freeport Chemical Co.</u>, 704 F.2d 1412, 1417 (5th Cir. 1993) ("Absent proof of abuse an appellate court will not disturb a district court's evidentiary rulings.").

promotions and transfers, counsel responded that she didn't have any such evidence other than the fact that she didn't get the jobs over a long period of time. This information elicited during Goldsmith's proffer showed little indication that the nine previous job denials were based on race rather than other reasons. Accordingly, we conclude that the district court did not abuse its discretion in excluding this evidence. "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."[5] In Goldsmith's case, the district court reasonably could have determined that the slight probative value of the previous denials of her advancement was substantially outweighed by the danger of unfair prejudice, confusion of the issues, undue delay, and waste of time in the presentation of only marginally relevant evidence.

For the foregoing reasons we AFFIRM the district court's rulings.

**AFFIRMED.**

---

[5] FED. R. EVID. 403.